# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND C. WATKINS,<br><br>Plaintiff,<br><br>v.<br><br>TUOLUMNE COUNTY JAIL, et al.,<br><br>Defendants. | Case No. 1:18-cv-00779-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A FRESNO DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THIS ACTION<br><br>(ECF Nos. 10, 19)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Raymond C. Watkins is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.

## RELEVANT HISTORY

On October 29, 2018, the Court found that Plaintiff's complaint failed to state a cognizable claim for relief and granted Plaintiff thirty days to file an amended complaint addressing the deficiencies identified by the Court. (ECF No. 10.)

On November 26, 2018, Plaintiff filed a motion for an extension of time to file an amended complaint. (ECF No. 13.) On November 27, 2018, the Court granted Plaintiff's motion and gave Plaintiff an additional 30 days in which to timely file an amended complaint. (ECF No. 14.)

1

On December 17, 2018, Plaintiff filed a second motion for an extension of time to file an amended complaint. (ECF No. 15.) On December 18, 2018, the Court granted Plaintiff's second motion and gave Plaintiff a further 30 days in which to timely file an amended complaint. (ECF No. 16.)

On January 7, 2019, Plaintiff filed a third motion for an extension of time to file an amended complaint. (ECF No. 17.) On January 9, 2019, the Court granted Plaintiff's third motion and gave Plaintiff an additional 60 days in which to timely file an amended complaint. (ECF No. 18.)

When Plaintiff failed to file an amended complaint within the deadline or otherwise respond to the Court's screening order, on April 23, 2019, the Court issued an order requiring Plaintiff to show cause in writing why this action should not be dismissed within fourteen days from the date of service of the order. (ECF No. 19.) That deadline has passed, and Plaintiff has not responded to the order to show cause. Accordingly, the Court recommends dismissal of this action for the reasons discussed below.

## II.

## FAILURE TO STATE A CLAIM

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

In this case, Plaintiff contends that he was sexually assaulted in the Stanislaus County Jail and put in solitary confinement immediately after reporting the assault. Plaintiff asserts that he was not offered medical attention or mental health care. Plaintiff alleges that he has been seeking help since the attack, but that he has been subjected to further attacks and punishment for seeking help because the primary attack was by correctional deputies.

**A.     Section 1983**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff's complaint does not link any defendant to any act that would constitute a violation of his constitutional or federal rights. For that reason, Plaintiff has failed to state a cognizable claim. Plaintiff is advised that he cannot state a claim simply by alleging that an event happened. To state a claim, he must allege sufficient facts stating what each named defendant did that violated his federal rights.

Also, a local government unit may not be held responsible for the acts of its employees

under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). Further, to state a claim, "[i]t is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that caused his injury. A plaintiff must also demonstrate that the custom or policy was adhered to with 'deliberate indifference'" to his constitutional rights. Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016), cert. denied sub nom. Los Angeles Cnty., Cal. v. Castro, 137 S. Ct. 831 (2017). The deliberate indifference standard is satisfied where a plaintiff alleges facts available to the municipality's policymakers that "put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens." Castro, 833 F.3d at 1076.

The complaint is devoid of any allegations that Plaintiff was injured due to a policy or custom at either jail. Plaintiff has failed to state a cognizable claim against Tuolumne County Jail or Stanislaus County Jail.

**B.     Retaliation**

Plaintiff's first claim is brought alleging retaliation. A viable claim of retaliation entails five elements: (1) the plaintiff engaged in protected conduct; (2) an assertion that a state actor took some adverse action against the plaintiff; (3) the adverse action was "because of" the plaintiff's protected conduct (i.e., "retaliatory motive"); (4) the adverse action "would chill or silence a person or ordinary firmness from future First Amendment activities;" and (5) the action did not reasonably advance a legitimate correctional goal. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Retaliation is not established simply by showing adverse action by a defendant after protected speech; rather, Plaintiff must allege sufficient facts to plausibly suggest a connection between the two. See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this"). Therefore, although "the timing and nature" of an allegedly adverse action may "properly be considered" as circumstantial evidence of retaliatory motive, the official alleged to

have retaliated must also be alleged to have been aware of the prisoner's protected conduct. See Sorrano's Gasco, Inc. v. Morgan, 874 F.3d 1310, 1315-16 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995); Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014) (noting that "mere speculation that defendants acted out of retaliation is not sufficient" and affirming judgment where there was "nothing in the record to indicate [defendant] even knew about [an] earlier [law]suit.")

While unclear, it appears that Plaintiff contends he was subjected to retaliation because he reported a sexual assault and has been beaten for seeking help. However, Plaintiff fails to provide the Court with any clear understanding of who did what, and how his First Amendment rights were violated. Although Plaintiff contends he has been subject to attacks and punishment for seeking help, he fails to provide supporting facts as to who was responsible and what actually happened. Conclusory statements about being beat or subject to harassing actions are insufficient to state a cognizable claim. Accordingly, Plaintiff fails to state a cognizable claim for retaliation.

**C.     Excessive Force**

Plaintiff brings his second and third claims alleging excessive force. Pretrial detainees are entitled to Fourteenth Amendment protections. See Seling v. Young, 531 U.S. 250, 265 (2001) ("[D]ue process requires that the conditions and duration of confinement under the [civil confinement act] bear some reasonable relation to the purpose for which persons are committed."); Jones v. Blanas, 393 F.3d 918, 933 (9th Cir. 2004) ("Civil status means civil status, with all the Fourteenth Amendment rights that accompany it."). A civil detainee is entitled to "more considerate treatment" than his criminally detained counterparts. Jones, 393 F.3d at 931 (quoting Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982).)

The Supreme Court has held that a pretrial detainee's claim that he was subjected to excessive force arises under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2475 (2015). In order to prevail on an excessive force claim, a pretrial detainee must show that the force purposely or knowing used against him was objectively unreasonable. Kingsley, 135 S. Ct. at 2473. Whether the force is objectively unreasonable turns on the "facts and circumstances of each particular case." Id. at 2473 (quoting Graham v. Conner, 490 U.S. 386, 396 (1989)). This determination is to be made "from

the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Kingsley, 135 S. Ct. at 2473. "A court must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.' " Id. at 2473 (quoting Bell v. Wolfish, 441 U.S. 520, 540 (1979)).

Here, Plaintiff alleges that he was beaten, but fails to identify the individual officers that were involved or provide any factual allegations regarding what occurred. A mere conclusory allegation that Plaintiff was beaten is insufficient to state a cognizable claim. Plaintiff has failed to state a claim for excessive force.

### III.

### FAILURE TO OBEY COURT ORDERS

As noted above, on October 29, 2018, the Court screened Plaintiff's complaint, found that Plaintiff's complaint failed to state any cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 10.) After Plaintiff failed to file an amended complaint with the Court after asking for, and being granted, three extensions of time, on April 23, 2019, the Court issued an order to show cause in writing why this action should not be dismissed for Plaintiff's failure to comply with the Court's October 29, 2018 order. (ECF No. 19.) Plaintiff failed to respond to the order to show cause. Therefore, this action can proceed no further without Plaintiff's cooperation and compliance with the orders at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal

quotations and citations omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with, or otherwise respond to, the Court's October 29, 2018 screening order and April 23, 2019 order to show cause, the Court is left with no alternative but to recommend dismissal of the action for failure to prosecute and failure to obey court orders. Id. Plaintiff has had no contact with the Court in over four months, and repeated attempts to engage Plaintiff in the litigation have gone unanswered, affecting the use of the Court's resources and management of its docket. There is no pleading on file in this action which sets forth any claim upon which relief may be granted. Further, Plaintiff has been repeatedly warned that failure to file an amended complaint and/or failure to respond to the order to show cause would result in a recommendation to the assigned District Judge that the instant action be dismissed, to no avail. Finally, since Plaintiff is proceeding *in forma pauperis* and has ceased litigating this action, no lesser sanctions are available.

## IV.

## CONCLUSION AND RECOMMENDATION

Accordingly, it is HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a Fresno District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that the instant action be dismissed based on Plaintiff's failure to comply with court orders, failure to prosecute, and failure to state any cognizable claim upon which relief may be granted.

//
//
//
//
//
//
//
///

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 20, 2019**

UNITED STATES MAGISTRATE JUDGE